IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| BARBARA CRAIN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:12-CV-699-Y |
| | § | |
| JOE KEFFER, Warden, | § | |
| FMC-Carswell, | § | |
|     Respondent. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.  NATURE OF THE CASE**

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. § 2241.

**B.  PARTIES**

Petitioner Barbara Crain, Reg. No. 16460-179, is a federal prisoner currently incarcerated in the Federal Medical Center in Fort Worth, Texas (FMC-Carswell).

Respondent Joe Keffer is the Warden of FMC-Carswell.

## C. PROCEDURAL HISTORY

The record reflects that, while on supervised release in her federal drug case in 4:09-CV-175-Y, petitioner was arrested on October 22, 2011, by Irving police for possession of methamphetamine, resulting in new state drug charges in the 291st Criminal District Court in Dallas, Texas, case no. F11-35617. (Resp't App. at 34) On November 9, 2011, petitioner was temporarily released to federal custody on a writ of habeas corpus ad prosequendum, and, on November 10, 2011, she made an initial appearance in this court on a motion to revoke her supervised release. (*Id.* at 36) On November 28, 2011, this court revoked petitioner's supervised release, adjudged her guilt, and sentenced her to imprisonment for a term of 15 months. (*Id.* at 6-7) The judgment is silent as to whether the federal sentence was to run concurrently or consecutively to any other sentence. (*Id.*)

On December 15, 2011, petitioner was returned to state custody. (*Id.* at 19, 22) On January 18, 2012, she was sentenced by the state court to 180 days' confinement on the pending state charges. The state court credited her sentence for the time spent in custody from October 22, 2011, the date of her arrest, until April 18, 2012, the date her 180-day sentence expired and she was released to federal custody to commence service of her federal sentence. (*Id.* at 2, 19-20) The BOP credited petitioner's federal sentence with six days of prior custody credit: August 30, 2010 to August 31, 2010; June 20, 2011 to June 22, 2011; and July 26, 2011. (*Id.* at 3, 12) Petitioner's projected release date is May 14, 2013. (*Id.* at 3, 13)

By way of this petition, petitioner challenges her sentence calculation by the Federal Bureau of Prisons (BOP) and contends she "needs to have time run concurrently with state time served from October 22, 2011 through April 18, 2012." (Pet. at 6)

2

**D. EXHAUSTION**

Respondent argues the petition should be dismissed based on petitioner's failure to exhaust the prison's administrative remedies. (Resp't Resp. at 1, 3-4) Petitioner is scheduled to be released on May 14, 2013, in less than two months. Because adherence to the exhaustion requirement would serve no purpose other than delay, the undersigned magistrate judge considers petitioner's claim.

**E. DISCUSSION**

As noted, petitioner seeks prior custody credit for the time she spent in state custody from October 22, 2011, the date of her arrest, until April 18, 2012, the date her state sentence expired and she was transferred to federal custody to commence service of her federal sentence. Respondent argues that petitioner is not entitled to prior custody credit for the relevant time period under 18 U.S.C. § 3585 because, although in custody of the United States Marshal's Service (USMS) from November 9, 2011, to December 15, 2011, by virtue of the federal writ of habeas corpus ad prosequendum, she remained in the primary custody of the State of Texas and was given credit on her state sentence. (Resp't Resp. at 4-6) Respondent further argues that petitioner's federal sentence is presumed to run consecutive to her state sentence under § 3584(a), given this court's silence on the issue in its criminal judgment and its confirmation of its intent.

Title 18 U.S.C. § 3585, entitled "Calculation of a Term of Imprisonment," determines when a federal sentence of imprisonment commences and whether credit against that sentence must be granted for time spent in "official detention" before the sentence began. It states:

> **(a) Commencement of sentence.**–A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

3

> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
> 
>   **(1)** as a result of the offense for which the sentence was imposed;
> or
>   **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> 
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added).

Section 3585(b) dictates that petitioner's federal sentence commenced on April 18, 2012, and that she is not entitled to prior custody credit on her 15-month federal sentence because the time at issue was credited to her state sentence. *Leal v. Tombone*, 341 F.3d 427, 430 (5th Cir. 2003); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983). The Supreme Court has explained that when Congress enacted the statute it "made clear that a defendant could not receive a double credit for his [or her] detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992). In accordance with the statute, BOP Program Statement 5880.28, Sentence Computation Manual, specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state, or foreign." Consequently, petitioner is not entitled to prior custody credit against her federal sentence for any time credited to her state sentence, including the time she was on federal writ ad prosequendum. *United States v. Cibrian*, No. 09-40048, slip copy, 2010 WL 1141676, at *2 (5th Cir. Mar. 24, 2010) (not designated for publication); *Richardson v. Outlaw*, 274 Fed. Appx. 353, 353-54, 2008 WL 1747085, at *1 (5th Cir. Apr. 15, 2008) (not designated for publication). Habeas corpus ad prosequendum acts only as "a 'loan' of the prisoner" to another sovereign without transferring primary custody. *Richardson*, 274 Fed. Appx. at 353-54, 2008 WL 1747085, at *1.

Moreover, 18 U.S.C. § 3584(a), provides:

> (a) **Imposition of concurrent or consecutive terms.**–If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. *Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.*

18 U.S.C. § 3584(a) (emphasis added).

A prisoner's request that he or she should receive credit for time spent in service of a state sentence prior to service of a federal sentence is viewed by the BOP as a request for retroactive "nunc pro tunc" concurrent designation pursuant to 18 U.S.C. § 3621(b). *See* Bureau of Prisons Program Statement 5160.05. Where, as here, a federal sentence is imposed *before* a state sentence, the BOP has the discretion to indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his or her federal sentence. *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010) (citing *Barden v. Keohane*, 921 F.2d 476, 480 (3rd Cir. 1990) and *Rodriguez v. Pitzer*, 76 Fed. Appx. 519, 520 (5th Cir. 2003) (unpublished)); *see also* BOP Program Statement 5160.05, ¶ 9(b)(4) (explaining nunc pro tunc procedure). In making this decision, the BOP considers certain factors set out in the Program Statement and 18 U.S.C. § 3621(b). *Id.* These factors are: (1) the resources of the facility; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to § 994(a)(2) of Title 28. 18 U.S.C. § 3621(b).

In petitioner's case, the BOP engaged in the five-factor review and sent a letter to this court inquiring into the court's position on a retroactive designation in petitioner's case. (Resp't App. at 25-29) The court replied its "intent was that the federal sentence . . . imposed should be served consecutively to any state sentence that might thereafter be imposed by the State of Texas." (Resp't App. at 25-28) Having completed its review, the BOP denied a retroactive designation. (*Id.* at 29)

Petitioner has no federal statutory or constitutional right to concurrent sentences. *United States v. Dovalina*, 711 F.2d 737, 739 (5th Cir. 1983). The BOP construed petitioner's request as a request for a nunc pro tunc designation, reviewed the request based on the relevant factors set out in 18 U.S.C. § 3621(b), and in accordance with Program Statement 5160.05 and *Barden*, and determined that her case was not appropriate for a nunc pro tunc designation, especially in light of this court's confirmation of its intent. The BOP gave "full and fair" consideration to petitioner's request, which is all that is required. *See* Bureau of Prisons Program Statement 5160.05. Petitioner has failed to demonstrate she is entitled to the time credit she seeks or that the BOP abused its discretion in denying a nunc pro tunc designation.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that the petition for writ of habeas corpus be DENIED.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1);

Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until April 11, 2013. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until April 11, 2013, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED March 21, 2013.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

7